**Martin Marquez GUTIERREZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72775.**
**Agency Nos. A75–301–711, A75–301–710, A75–301–709.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

Walter Rafael Pineda, Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Ernesto H, Molina, Jr., Jamie M. Dowd, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

### MEMORANDUM**

Martin Marquez Guiterrez, the lead petitioner, and his wife and daughter, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's order denying their motion to terminate removal proceedings to apply for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process contentions, *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002), and we deny the petition for review.

Petitioners' contention that the BIA's decision "without opinion" violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

Petitioners' contention that they had a "settled expectation" that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act would apply to them because they applied or asylum prior to the effective date of the permanent rules is foreclosed by *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).